F. S. ROYSTER GUANO COMPANY, APPELLANT, v. MARY E. SHERMAN, RESPONDENT.

Decided August 20, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the appellant, *Applegate, Stevens, Foster, Leonard & Reussille.*

For the respondent, *Stokes, McDermott & Hartshorne.*

PER CURIAM.

This suit was brought by the plaintiff to recover the amount due on a certain promissory note signed by the defendant Mary Sherman and her co-defendant Arthur Sherman. The latter interposed no defense and a judgment by default was entered against him. The other defendant, Mary E. Sherman, who, it was claimed, was mentally incompetent to bind herself as the maker of the promissory note, answered by her guardian, who was appointed by the court to represent her. The defense set up in the answer was that she was mentally incompetent to bind herself when she signed the note. The instrument was given to the plaintiff to secure the payment of certain fertilizing material sold by it to the defendant Arthur Sherman, who is engaged in the feed and grain business, including the selling to individual customers of fertilizing material. The answering defendant Mary is his aunt and was an accommodation maker for his benefit. The trial resulted in a verdict in favor of Mary E. Sherman, the finding of the jury being based upon its conclusion that she was mentally incompetent when the note was given to bind herself as the maker of it for the benefit of a third party. The plaintiff has appealed from the judgment entered upon this verdict, and two grounds are urged for the reversal thereof.

The first ground of reversal is that the court erred in denying plaintiff's motion for the direction of a verdict in its favor; and the argument in support of this contention is that the motion should have been granted because there was nothing appearing in the testimony showing that the plaintiff had knowledge of the defendant's alleged insanity or of any facts that its taking of the note sued upon amounted

to bad faith upon its part. This ground of reversal varies from the reason stated to the trial court as the basis upon which the plaintiff based its motion for the direction of a verdict. In support of the motion counsel for the plaintiff stated, as a ground for granting it, that "this suit is brought upon a promissory note of which, under the evidence, Arthur P. Sherman is maker and Mary E. Sherman is an accommodating party. The note was received by the Royster Guano Company and the query arises as to whether or not that company is a holder in due course. If it be a holder in due course, the insanity is not a real defense and the plaintiff would take it free from the single defense alleged." The question presented to us for our determination is whether the ground upon which the motion to direct a verdict was based is legally meritorious. In our opinion it was not. The payee of a promissory note is presumed to be a holder in due course; but that presumption is not conclusive; and where the proofs show that the holder knew at the time it received the note that the maker was mentally incompetent to bind herself by excuting it, or where it had knowledge of facts which would put it upon inquiry which inquiry, if prosecuted, would have resulted in the discovery of such incompetence, that constitutes a valid defense and overthrows the presumption that the plaintiff is a holder in due course. It will be observed that the ground upon which the motion was based fails to make any reference to the right of the plaintiff to recover if before it accepted the note it knew that the defendant was insane when she signed it, or had knowledge of facts which put it upon inquiry as to her mental condition; counsel apparently assuming that such knowledge would be no bar to the plaintiff's right to recover. The evidence submitted by the defense raised a question as to whether or not the plaintiff at the time it accepted the note had knowledge that this defendant was insane, and the solution of that question was for the jury, not for the court. For the reason indicated we conclude that the refusal to direct a verdict upon the ground stated to the trial court was proper.

The only other ground upon which we are asked to reverse the judgment under review is that the trial court erred in instructing the jury to determine whether the plaintiff acted under the circumstances as a reasonably prudent person should, whereas, as counsel contend, the question properly to be submitted to the jury was whether or not the plaintiff acted in bad faith in the taking of the note. The only basis for this ground of reversal is that stated in the exception to the portion of the charge which, after declaring that the court had instructed the jury that it was incumbent upon the holder to investigate the capacity of one or all of the prior parties, then stated: "It is our insistence that this duty is not, by the Uniform Negotiable Instruments act, placed upon the holder." It is enough to say, in disposing of this ground of reversal, that the charge of the court was not so broad as is indicated in the statement of counsel, but on the contrary that it limited the obligation of the holder to the making of an investigation when it had notice of alleged facts which, if true, barred the signer of the note from executing a legal obligation, provided that such notice was brought to the attention of the holder before it accepted the instrument. This instruction we consider sound for the reason already indicated.

The judgment under review will be affirmed.